IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON FERGUSON, § | | |
| Movant, § | | |
| § | 3:16-CV-3145-D (BT) | |
| v. § | 3:98-CR-0267-D (BT) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Aaron Ferguson, a federal prisoner, filed a motion under 28 U.S.C. § 2255 to vacate, set-aside, or correct sentence. The district court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the district court should DENY Movant's request for relief.

I.

Movant was convicted by a jury of multiple robberies and firearms offenses. On February 5, 1999, the district court sentenced Movant as follows: (1) concurrent life terms on Counts 5, 11, 14 and 17 for Hobbs Act Robbery and aiding and abetting in violation of 18 U.S.C. § 1951(a); (2) concurrent life terms on Counts 7 and 13 for bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (3) consecutive life terms under Counts 6, 8, 12, 15, and 17 for use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); and a concurrent life term on Count 18 for being a felon in possession of a firearm in

1

violation of 18 U.S.C. § 922(g), sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On May 4, 2000, the Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence. *United States v. Ferguson*, 211 F.3d 878 (5th Cir. 2000).

In 2001, Movant filed his first § 2255 motion. *Ferguson v. United States*, No. 3:01-cv-1846-H (N.D. Tex.). The district court denied the motion on August 12, 2004.

On June 27, 2016, Movant sought leave from the Fifth Circuit to file a successive motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Fifth Circuit granted leave in part and denied leave in part. *In re: Aaron Ferguson*, No. 16-10977 (5th Cir. 2016). The Court granted leave to file a successive motion to challenge Movant's enhanced sentence under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. This sentence was enhanced under the ACCA based in part on two Texas convictions for aggravated robbery. The Fifth Circuit denied leave to file a successive motion in all other respects.

On May 9, 2018, the government filed its response to the motion. On June 5, 2018, Movant filed a reply. The motion is now fully briefed and ripe for determination.

II.

Movant challenges the use of his aggravated robbery convictions under the ACCA. As the Supreme Court noted in *Johnson*,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of the Armed Career Criminal Act] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S. Ct. 1265, 176 L. Ed. 1 (2010). The Act defines "violent felony" as follows:
>
> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. § 924(e)(2)(B) (emphasis added).

*Johnson*, 135 S. Ct. at 2555-56. Subsection (i) is known as the "elements clause" or the "force clause," and the four offenses listed in subsection (ii) are referred to as the enumerated offenses. *See United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017); *United States v. Lerma*, 877 F.3d 628, 630 (5th Cir. 2017). The final part of subsection (ii)—regarding a prior conviction that "otherwise involves

3

conduct that presents a serious potential risk of physical injury to another"—italicized above, has come to be known as the Act's "residual clause." *Johnson*, 135 S. Ct. at 2556.

In *Johnson*, the Supreme Court held that increasing a sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. This holding is retroactively available on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

After *Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017) (per curiam) (quoting § 924(e)(2)(B)). Aggravated robbery is not an enumerated offense. It therefore does not qualify as an ACCA enhancement unless it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

Here, Movant was twice convicted of aggravated robbery under Texas Penal Code 29.03(a)(2). In 1985, Movant pleaded guilty to aggravated robbery in the 292nd Judicial District Court of Dallas County, Case No. F-8478273-V. (ECF No. 12, Exhibit A.) The corresponding indictment charged that Movant:

> Then and there while in the course of committing theft and with intent to obtain and maintain control of the property of [the victim] . . . without the effective consent of the [victim] and with intent to deprive the [victim] of

> said property, did then and there, by using and exhibiting a deadly weapon, to-wit: a firearm, knowingly and intentionally threaten and place the [victim] in fear of imminent bodily injury[.]

(*Id.*) In 1984, a jury convicted Movant of aggravated robbery in the 292nd Judicial District of Dallas County, Case No. F-8476759-SV. (ECF No. 12, Exhibit B.) The indictment charged Movant with:

> Then and there while in the course of committing theft and with intent to obtain and maintain control of the property of [the victim] . . . without the effective consent of said [victim] and with intent to deprive the said [victim] of said property, did then and there, by using and exhibiting a deadly weapon, to-wit: a firearm, knowingly and intentionally threaten and place said complainant in fear of imminent bodily injury[.]

(*Id.*) These indictments track the statutory language of Texas Penal Code § 29.03(a)(2).[1] In *United States v. Lerma*, 877 F.3d 628 (5th Cir. 2017), the Fifth Circuit determined that Texas aggravated robbery under § 29.03(a)(2) is a violent felony under the ACCA. *Lerma*, 877 F.3d at 631, *cert. denied*, __U.S. __, 138 S. Ct. 2585 (2018); *see also United States v. Norman*, 733 F. App'x 208, 208 (5th Cir. 2018) ("[T]he district court did not err by holding that [defendant's] conviction under Texas Penal Code § 29.03(a)(2) constitutes a violent felony [under the ACCA.]"). Therefore, Movant's sentence was properly enhanced under the ACCA, and his motion should be denied.

---

[1]   Texas Penal Code § 29.03(a)(2) states that a person commits aggravated robbery if he commits "robbery" and he "uses or exhibits a deadly weapon."

III.

For the foregoing reasons, the court should DENY the § 2255 motion to vacate, set-aside, or correct Movant's sentence.

Signed this November 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).